FILED
2017 Jan-13  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

CV-17-BE-0052-NE

FILED

2017 JAN 12  P 12: 38

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

*ZANE PERRY PHILLIPS*

Inmate Identification Number:

*AIS # 137865*

(Enter above the full name of the plaintiff
in this action)

NOTICE TO FILING PARTY

*It is your responsibility to
notify the clerk in writing of any
address change.*

*Failure to notify the clerk may
result in dismissal of your case
without further notice.*

vs.

*CHRISTOPHER GORDY, IN HIS INDIVIDUAL AND
OFFICAL CAPACITIES AS WARDEN OF LIMESTONE
CORR. FACILITY; DENISE McKENZIE, IN HER IND-
IVIDUAL AND OFFICAL CAPACITIES AS LIEUTENANT
OF LIMESTONE CORR. FACILITY; EARNEST GILBERT, IN
HIS INDIVIDUAL AND OFFICAL CAPACITIES AS SERGEANT
OF LIMESTONE CORR. FACILITY; COI   WALKER, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS CORRECTIONAL*
(Enter above full name(s) of the defendant(s) *OFFICER OF LIMESTONE CORR.*
in this action) *FACILITY; et al.*

I.    Previous lawsuits

    A.    Have you begun other lawsuits in state or federal court(s) dealing with the
        same facts involved in this action or otherwise relating to your imprisonment?
        Yes ( )        No ( ✓ )

    B.    If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more
        than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the
        same outline.)

        1.    Parties to this previous lawsuit:

            Plaintiff:    *N/A*

                                *N/A*

            Defendant(s):    *N/A*

                                *N/A*

2. Court (if Federal Court, name the district; if State Court, name the county)

_____ _N/A_ _____

3. Docket number _____ _N/A_ _____

4. Name of judge to whom case was assigned ____ _N/A_ _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

_____ _N/A_ _____

6. Approximate date of filing lawsuit _____ _N/A_ _____

_____ _N/A_ _____

7. Approximate date of disposition _____ _N/A_ _____

II. Place of present confinement _LIMESTONE CORRECTIONAL FACILITY_

A. Is there a prisoner grievance procedure in this institution?
   Yes ( )      No ( ✓ )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?      Yes ( )      No ( ✓ )

C. If your answer is YES:

1. What steps did you take? _____ _N/A_ _____

_____ _N/A_ _____

2. What was the result? _____ _N/A_ _____

_____ _N/A_ _____

D. If your answer is NO, explain why not: _THERE ARE NO ADMINISTRATIVE_

_REMEDIES FOR INMATES TO EXHAUST IN THE ALABAMA_

_DEPARTMENT OF CORRECTIONS OR AT LIMESTONE CORR-_

_ECTIONAL FACILITY. THERE ARE NOT ANY GRIEVANCE OR_

_APPEAL PROCEDURES IN THE ALABAMA DEPARTMENT OF_

_CORRECTIONS._

III.   Parties.
In item (A) below, place your name in the first blank and place your present address in the second blank.

A.   Name of Plaintiff(s) ZANE PERRY PHILLIPS, AIS #137865

LIMESTONE CORRECTIONAL FACILITY

Address 28779 NICK DAVIS ROAD

HARVEST, ALABAMA  35749

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B.   Defendant   COI   WALKER

Is employed as CORRECTIONAL OFFICER

at LIMESTONE CORRECTIONAL FACILITY

C.   Additional Defendants CHRISTOPHER GORDY, WARDEN III AT

LIMESTONE CORR. FACILITY; DENISE  MCKENZIE,
LIEUTENANT AT LIMESTONE CORR. FACILITY; EARNEST
GILBERT, SERGEANT AT LIMESTONE CORRECTIONAL

FACILITY,

IV.   Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary. ON SEPTEMBER 8, 2016 OFFICER  WALKER ASSAULTED ME INSIDE OF THE HEALTH CARE UNIT AT LIMESTONE CORRECTIONAL FACILITY AND MALICIOUSLY AND SADISTICALLY CAUSED HARM TO ME WHEN HE GRABBED MY WHEELCHAIR AND SAID "FUCK THE SIDEWALK WE'RE GOING THROUGH THE FUCKING GRASS" AND PUSHED ME EXTREMELY FAST THROUGH THE GRASS HITTING THE EDGE OF THE SIDEWALK FLIPPING ME OUT OF MY WHEELCHAIR AND CAUSED ME TO STRIKE MY HEAD, NECK RIGHT SHOULDER, RIGHT HAND AND LEG. WARDEN GORDY, LT. MCKENZIE AND SERGEANT GILBERT ARE LIABLE FOR MY EIGHTH AMENDMENT RIGHT TO BE FREE FROM THE USE OF EXCESSIVE FORCE AGAINST ME BECAUSE AS OFFICIALS THEY ALL HAVE A DUTY TO INTERVENE AND STOP THE EXCESSIVE FORCE FROM BEING USED AGAINST ME AND FROM CONTINUING UNDER SUPERVISORY LIABILITY. ALL DEFENDANTS' ACTED UNDER COLOR OF STATE AND FEDERAL LAW.

I HAVE A CONSTITUTIONAL RIGHT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION TO NOT BE ASSAULTED AND HURT BY OFFICER WALKER.

V.   RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. DECLARE THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES. ENTER PRELIMINARY AND PERMANENT INJUNCTIONS ORDERING DEFENDANTS ALABAMA DEPARTMENT OF CORRECTIONS, WARDEN GORDY, LT. MCKENZIE, SGT. GILBERT OFFICER WALKER, THEIR SUCCESSORS, EMPLOYEES, AND ALL PERSONS ACTING IN CONCERT WITH THEM TO PROTECT THE PLAINTIFF FROM EXCESSIVE FORCE AND STOP THE USE OF UNJUSTIFIED EXCESSIVE FORCE; IMPLEMENT AN ADEQUATE GRIEVANCE AND APPEAL PROCEDURE WITHIN THE ALABAMA DEPT. OF CORRECTIONS SYSTEM TO STOP THE USE OF EXCESSIVE FORCE TO PROTECT THE SAFETY OF INMATES, AND SUSPEND OFFICER WALKER, LT. MCKENZIE AND SGT. GILBERT FOR 3 DAYS WITHOUT PAY, AND STOP THE OFFICERS FROM INTERFERING WITH INMATES PRESCRIBED TREATMENT, ENTER JUDGMENT IN FAVOR OF PLAINTIFF FOR NOMINAL, COMPENSATORY, AND PUNITIVE DAMAGES, AS ALLOWED BY LAW, AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

I declare under penalty of perjury that the foregoing is true and correct. ORDER SUCH ADDITIONAL RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.

Executed on JANUARY 10th, 2017.

_Zane Perry Phillips_
SIGNATURE

ADDRESS LIMESTONE CORR. FACILITY

28779 NICK DAVIS ROAD

HARVEST, ALABAMA  35749

AIS # 137865

5

EXHIBIT A.

DECLARATION UNDER PENALTY OF PERJURY OF

CHANCE MAXWELL IN SUPPORT OF PLAINTIFF'S

COMPLAINT FOR EXCESSIVE FORCE, PERSONAL

INJURIES

CHANCE MAXWELL, AIS # 239987, BEING COMPETENT TO MAKE THIS DECLARATION AND HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED THEREIN, DECLARES PURSUANT TO 28 U.S.C. SECTION 1746:

1. THAT I AM CURRENTLY CONFINED IN THE ALABAMA DEPARTMENT OF CORRECTIONS AT LIMESTONE CORRECTIONAL FACILITY WITH THE PLAINTIFF INMATE ZANE PHILLIPS,

2. THAT I AM OVER THE AGE OF TWENTY ONE (21) YEARS AND COMPETENT TO TESTIFY IN A COURT OF LAW IN CONJUNCTION TO INMATE ZANE PHILLIPS' COMPLAINT FOR EXCESSIVE FORCE AND PERSONAL INJURIES,

3. THAT I HAVE PERSONAL KNOWLEDGE OF THE FACTS REGARDING THE EX-CESSIVE FORCE USED AGAINST THE PLAINTIFF INMATE ZANE PHILLIPS BY OFFICER WALKER ON SEPTEMBER 8, 2016 WHICH RELATE TO MATTERS RELEVANT AND MATERIAL TO MATTERS INVOLVED IN THE IMPENDING ACTION.

4. THAT ON THE AFTERNOON OF SEPTEMBER 8, 2016 I WAS PUSHING INMATE ZANE PHILLIPS IN HIS WHEELCHAIR BETWEEN 3:30 AND 3:45 P.M. TO THE (H.C.U.) HEALTH CARE UNIT TO GET HIS DIABETIC INSULIN SHOT. I WAI-TED WITH ZANE INSIDE OF THE LOBBY IN THE H.C.U. UNTIL HE WAS CALLED TO THE E.R. BY THE NURSE TO GET HIS SHOT, AFTER ZANE RE-CEIVED HIS INSULIN SHOT WE WAITED IN THE LOBBY OF THE H.C.U. TO GET HIS ADDITIONAL MEDICATIONS. AFTER ABOUT TWENTY (20) MINUTES HAD PASSED BY THE PILL CALL WINDOW HAD NOT BEEN OPENED YET AND THE DIABETIC INSULIN LINE HAD BECOME LONG WITH SEVERAL INMATES WAITING

PAGE ONE OF THREE.

TO GET THEIR INSULIN SHOTS. SINCE ZANE HAD ALREADY
RECEIVED HIS DIABETIC INSULIN SHOT HE DECIDED TO GO
TO THE DINING FACILITY AND EAT THEN RETURN FOR HIS
MEDICATIONS. I THEN PUSHED ZANE TO THE DINING FACILITY
TO EAT AND WE IMMEDIATELY RETURNED BACK TO THE HEALTH
CARE UNIT (HCU) TO GET THE REMAINDER OF HIS MEDIC-
ATIONS.

5. THAT UPON ARRIVING BACK TO THE HEALTH CARE UNIT (HCU)
TO GET ZANE'S MEDICATIONS WE TRIED TO ENTER THROUGH THE
DOOR BUT OFFICER WALKER WHO WAS ASSIGNED TO THAT POST
WOULD NOT OPEN THE DOOR AND LET US IN. WE WAITED
OUTSIDE OF THE DOOR FOR A FEW MINUTES AND THEN TWO
NURSES WALKED OUT THROUGH THE DOOR SO WE CAUGHT
THE DOOR AND WENT INSIDE OF THE HEALTH CARE UNIT (HCU).
WHEN WE GOT INSIDE OFFICER WALKER TOLD ZANE TO GET
OUT, WHEN ZANE STATED THAT HE HAD NOT GOTTEN HIS
MEDICATIONS YET, OFFICER WALKER SAID, "I DON'T CARE
YOU LEFT". ZANE THEN STATED TO OFFICER WALKER THAT
THE NURSE TOLD HIM THAT HE COULD EITHER WAIT IN
THE LOBBY TO GET HIS MEDICATIONS OR GO EAT AND COME
BACK, OFFICER WALKER REFUSED TO ACKNOWLEDGE WHAT
ZANE TOLD HIM THE NURSE SAID AND TOLD ZANE TO "GET
THE FUCK OUT". WHEN ZANE TRIED TO TELL OFFICER WALKER
THAT HE HAD TO HAVE HIS MEDICATIONS OFFICER WALKER GRABBED
HIS WHEELCHAIR BY THE WHEEL AND TRIED TO PICK IT UP AND
DRAG IT OUTSIDE WHILE HE WAS STILL IN THE WHEELCHAIR.
WHEN OFFICER WALKER COULD NOT DRAG THE WHEELCHAIR
WITH ZANE IN IT OUTSIDE HE THEN GRABBED THE HANDLES
AND VIOLENTLY SHOVED ZANE OUT OF THE DOOR ONTO THE
SIDEWALK VERY FORCEFULLY, ALMOST SENDING ZANE CRASHING
INTO THE BUSHES. ZANE HAD TO DRAG HIS FEET TO KEEP FROM
CRASHING INTO THE BUSHES. I THEN GRABBED THE HANDLES OF

THE WHEELCHAIR AND BEGAN PUSHING ZANE UP THE SIDEWALK TOWARD THE SHIFT OFFICE. OFFICER WALKER CAME BACK OUTSIDE AND MOTIONED ME AWAY FROM THE WHEELCHAIR. I MOVED AWAY AND OFFICER WALKER GRABBED THE WHEELCHAIR WITH ZANE IN IT AND PUSHED IT OFF OF THE SIDEWALK ONTO THE GRASS AND STARTED PUSHING ZANE FASTER THAN HE SHOULD HAVE. THEY WERE BUMPING AND BOUNCING ALL OF THE WAY ACROSS THE GRASS. WHEN OFFICER WALKER CAME UP ON THE SIDEWALK IN FRONT OF THE SHIFT OFFICE THE FRONT WHEELS OF THE WHEELCHAIR BIT INTO THE EDGE OF THE SIDEWALK AND FLIPPED ZANE OUT OF THE WHEELCHAIR ONTO THE CONCRETE.

6. THAT I OBSERVED LIEUTENANT MCKENZIE, SERGEANT GILBERT AND ANOTHER CORRECTIONAL OFFICER COME OUT OF THE SHIFT OFFICE. THEY STOOD AROUND TALKING FOR A MINUTE THEN THEY PICKED ZANE UP AND PUT HIM BACK IN HIS WHEELCHAIR. AFTER ZANE WAS BACK INTO HIS WHEELCHAIR I CALLED OUT TO HIM AND ASKED HIM IF HE NEEDED ME TO COME AND PUSH HIM. HE SAID YES SO I WENT TO HIM AND WHEELED HIM BACK TO THE DORM. APPROXIMATELY AN HOUR LATER THE DORM OFFICER CALLED FOR ZANE AND TOLD HIM TO GO TO THE HEALTH CARE UNIT (HCU). I THEN PUSHED HIM THERE AND THE NURSES DID A BODY CHART ON HIM AND GAVE HIM HIS MEDICATIONS. PURSUANT TO 28 U.S.C. SECTION 1746, I INMATE CHANCE MAXWELL AIS # 239987 DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON DECEMBER 11TH, 2016.

Chance Maxwell

CHANCE MAXWELL AIS # 239987
LIMESTONE CORR. FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749

EXHIBIT B.

DECLARATION UNDER PENALTY OF PERJURY OF

KENNETH HOLLADAY IN SUPPORT OF PLAINTIFF'S

COMPLAINT FOR EXCESSIVE FORCE, PERSONAL

INJURIES

KENNETH HOLLADAY, AIS #135338, BEING COMPETENT TO MAKE THIS DECLARA-
TION AND HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED THEREIN,
DECLARES PURSUANT TO 28 U.S.C. SECTION 1746:

1. THAT I AM CURRENTLY CONFINED IN THE ALABAMA DEPARTMENT OF
CORRECTIONS AT LIMESTONE CORRECTIONAL FACILITY WITH THE PLAINTIFF
INMATE ZANE PHILLIPS.

2. THAT I AM OVER THE AGE OF TWENTY ONE (21) YEARS AND COMPETENT
TO TESTIFY IN A COURT OF LAW IN CONJUNCTION TO THE PLAINTIFF INMATE
ZANE PHILLIPS' COMPLAINT FOR EXCESSIVE FORCE AND PERSONAL INJURIES.

3. THAT I HAVE PERSONAL KNOWLEDGE OF THE FACTS REGARDING THE EXCESSIVE
FORCE USED AGAINST INMATE ZANE PHILLIPS' BY OFFICER WALKER ON SEPT-
EMBER 8, 2016 WHICH RELATE TO MATTERS RELEVANT AND MATERIAL TO
MATTERS INVOLVED IN THE IMPENDING ACTION.

4. THAT ON THE AFTERNOON OF SEPTEMBER 8, 2016 I WAS GETTING READY
TO OPEN THE DOOR TO (H.C.U.) THE HEALTH CARE UNIT FOR PILL CALL WHEN
THE DOOR CAME FLYING OPEN AND THE PLAINTIFF INMATE ZANE PHILLIPS'
WAS BEING PUSHED OUT OF THE DOOR WAY TOO FAST BY OFFICER WALKER.
ZANE ALMOST WENT INTO THE BUSHES, OFFICER WALKER TOLD ZANE TO GO
BACK TO HIS DORM OR TOO THE SHIFT OFFICE, ZANE WAS TRYING TO TELL OFFICER
WALKER THAT HE NEEDED HIS MEDICATIONS AND THAT THE NURSE TOLD HIM
THAT HE COULD WAIT OR COME BACK. OFFICER WALKER TOLD ZANE TO LEAVE
AFTER HE NEARLY PUSHED HIM INTO THE BUSHES AND THEN OFFICER WALKER
TURNED AROUND AND WENT BACK INSIDE OF THE HEALTH CARE UNIT (H.C.U.)

PAGE ONE OF TWO!

5. THAT I OBSERVED INMATE CHANCE MAXWELL PUSHING THE PLAINTIFF INMATE ZANE PHILLIPS UP THE SIDEWALK AND THEN OFFICER WALKER CAME BACK OUTSIDE OF THE H.C.U. AND RAN UP THE SIDEWALK AND TOOK CONTROL OF THE WHEELCHAIR, OFFICER WALKER STARTED PUSHING ZANE ACROSS THE GRASS IN A VERY RECKLESS WAY, IT WAS ALL ZANE COULD DO TO STAY IN HIS WHEELCHAIR, WHEN THEY ALMOST GOT TO THE SHIFT OFFICE, THE WHEELCHAIR HIT THE EDGE OF THE SIDEWALK AND ZANE FLEW OUT OF HIS WHEELCHAIR AND HIT THE SIDEWALK,

6. THAT I HEARD OFFICER RIDGEWAY WHO WAS WORKING IN THE H.C.U. STATE "OH SHIT, HE DUMPED HIM", OFFICER WALKER TRIED TO PICK ZANE UP OFF OF THE SIDEWALK AND PUT HIM BACK IN HIS WHEELCHAIR, THEN I SEEN LT. MCKENZIE AND OTHER OFFICERS COME OUT OF THE SHIFT OFFICE, I SAW AN OFFICER AND A INMATE PICK ZANE UP AND PUT HIM BACK IN THE WHEELCHAIR, THE OFFICERS AND LT. MCKENZIE WALKED OFF AND LEFT ZANE SITTING THERE, PURSUANT TO 28 U.S.C. SECTION 1746, I INMATE KENNETH HOLLADAY, AIS # 135338, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT,

EXECUTED ON THIS THE 11th

DAY OF DECEMBER, 2016.

Kenneth Holladay

KENNETH HOLLADAY, AIS # 135338

LIMESTONE CORR. FACILITY

28779 NICK DAVIS ROAD

HARVEST, ALABAMA

35749

PAGE TWO OF TWO!

SWORN AFFIDAVIT OF JUSTIN DAVID PHILLIPS
SWORN TO UNDER PENALTY OF PERJURY

I Justin Phillips was sitting
in the Indian ground when
officer walker pushed an inmate
that was pushing Zane Phillips
in his wheel chair out of the
way and snatched up Zane
Phillips and started pushing him
through A-side grass towards
the shift office. officer Walker
was cussing at Zane Phillips
and then dumped hime out
of his wheel chair on the
sidewalk. officer Walker
walked by me and told me
I better not have seen a
Goddamn thing. This occured
on September 8th at about
4:30 pm. pill call.

Justin Phillips
Justin David Phillips
AIS # 292471

EXHIBIT D.

DECLARATION UNDER PENALTY OF PERJURY OF

ZANE PHILLIPS' IN SUPPORT OF HIS COMPLAINT

FOR EXCESSIVE FORCE AND PERSONAL INJURIES

ZANE PHILLIPS' AIS #137865, BEING COMPETENT TO MAKE THIS DECLAR-
ATION AND HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED THEREIN,
DECLARES PURSUANT TO 28 U.S.C. SECTION 1746:

1. THAT I AM CURRENTLY CONFINED IN THE ALABAMA DEPARTMENT
OF CORRECTIONS AT LIMESTONE CORRECTIONAL FACILITY.

2. THAT I AM OVER THE AGE OF TWENTY ONE (21) YEARS AND COMPETENT
TO TESTIFY IN A COURT OF LAW IN CONJUNCTION TO MY COMPLAINT FOR
EXCESSIVE FORCE AND PERSONAL INJURIES,

3. THAT I HAVE PERSONAL KNOWLEDGE OF THE FACTS REGARDING THE EX-
CESSIVE FORCE USED AGAINST ME BY OFFICER WALKER ON SEPTEMBER 8,
2016 WHICH RELATE TO MATTERS RELEVANT AND MATERIAL TO MATTERS
INVOLVED IN THE IMPENDING ACTION,

4. THAT ON SEPTEMBER 8, 2016 I ASKED INMATE CHANCE MAXWELL,
AIS #239987 TO PUSH ME TO THE HEALTH CARE UNIT (H.C.U.) AT
APPROXIMATELY 3:30 p.m. TO CHECK MY BLOOD SUGAR VIA A DIA-
BETIC FINGER STICK DURING DIABETIC PILL CALL. ON THIS DAY
THE NURSE WAS CHECKING THE INMATES BLOOD SUGAR AND GIVING
US OUR DIABETIC INSULIN SHOTS IN THE EMERGENCY ROOM (E.R.)
INSTEAD OF AT THE PILL CALL WINDOW WHERE WE NORMALLY
GET OUR INSULIN SHOTS.

5. THAT ON SEPTEMBER 8, 2016 I GOT MY DIABETIC INSULIN SHOT
AND AFTERWARDS ASKED NURSE SHOULDERS ABOUT GETTING MY OTHER
PRESCRIBED MEDICATIONS BECAUSE I ALWAYS GET MY MEDS

PAGE ONE OF FOUR:

AND INSULIN SHOT DURING THAT TIME EVERYDAY, NURSE SHOULDERS SAID THAT SHE DID NOT HAVE MY OTHER MEDICATIONS IN THE (E.R.) BUT THAT I COULD WAIT UNTIL SHE WAS THROUGH WITH THE FINGER STICKS TO GET MY MEDS OR THAT I COULD COME BACK. I THEN WENT INTO THE LOBBY AREA OF THE (H.C.U.) TO WAIT FOR MY OTHER MEDICATIONS BUT OTHER INMATES KEPT COMING INTO THE (H.C.U.) TO GET THERE INSULIN SHOTS SO I CHOSE TO GO AND EAT THEN COME BACK FOR MY MEDS BECAUSE I HAD JUST RECEIVED A DIABETIC INSULIN SHOT. I ASKED INMATE CHANCE MAXWELL TO PUSH ME TO THE CHOW HALL SO I COULD EAT. WE WENT STRAIGHT THERE AND BACK. WHEN I RETURNED TO THE (H.C.U.) FROM THE CHOW HALL AFTER EATING THE OFFICER WOULD NOT LET ME IN THE DOOR. AFTER SEVERAL MINUTES HAD PASSED THE DOOR LOCK POPPED OPEN AND MS. JONES AND MS. MCELROY CAME OUT OF THE DOOR SO I WENT INSIDE OF THE (H.C.U.). AS SOON AS I WENT THROUGH THE DOOR OF THE (H.C.U.) OFFICER WALKER STARTED SCREAMING AT ME WITHOUT EVEN ASKING ME WHAT I NEEDED OR WANTED. I TRIED TO EXPLAIN TO HIM THAT I NEEDED MY MEDICINE AND HE SAID YOU CHOSE TO LEAVE. I TRIED TO EXPLAIN TO HIM THAT NURSE SHOULDERS GAVE ME A CHOICE TO EITHER WAIT TO GET MY MEDICINE OR COME BACK TO GET IT. HE SAID HE DID NOT CARE AND THEN HE (OFFICER WALKER) CAME OUT OF THE (H.C.U.) CUBICLE AND ATTACKED ME WHILE I WAS IN MY WHEELCHAIR. OFFICER WALKER GRABBED MY WHEELCHAIR MY THE SIDE AND TRIED TO TURN IT OVER WITH ME IN IT. THE WHOLE TIME I WAS ASKING HIM WHAT ARE YOU DOING? HE THEN SHOVED ME OUT OF THE FRONT DOOR OF THE (H.C.U.) SO HARD THAT IT TOOK ALL I HAD STRENGTH WISE

PAGE TWO OF FOUR!

TO KEEP FROM BEING PUSHED OFF OF THE SIDEWALK INTO THE BUSHES, HE THEN CAME BACK OUTSIDE AND STARTED SCREAMING AT ME AGAIN AND AFTERWARDS HE WENT BACK INSIDE OF THE (H.C.U.), I ASKED INMATE CHANCE MAXWELL TO PUSH ME TO THE SHIFT OFFICE AFTER OFFICER WALKER ATTACKED ME BECAUSE I NEEDED MY MEDICATION, CHANCE AND I STARTED TOWARDS THE SHIFT OFFICE AND OFFICER WALKER CAME UP BEHIND US AND TOOK CONTROL OF MY WHEELCHAIR I ASKED HIM WHAT ARE YOU DOING? AT THAT POINT HE SAID, "FUCK THE SIDEWALK WE'RE GOING THROUGH THE FUCKING GRASS", OFFICER WALKER THEN TOOK OFF TOWARD THE SHIFT OFFICE PUSHING ME EXTRE- MELY FAST THROUGH THE GRASS AND WHEN WE CAME UPON THE SIDE- WALK IN FRONT OF THE SHIFT OFFICE THE SIDEWALK WAS TOO HIGH FOR THE WHEELS TO CLEAR IT AND WHEN MY WHEELCHAIR WHEELS HIT THE SIDEWALK IT STOPPED AND OFFICER WALKER FLIPPED ME ONTO THE SIDEWALK. THE MAJORITY OF THESE STATEMENTS WITHIN THIS DECLARATION IS ON FILM, OFFICER WALKER WAS TRYING TO PICK ME UP OFF OF THE GROUND AND PUT ME BACK IN MY WHEELCHAIR BUT I TOLD HIM TO LEAVE ME ALONE BECAUSE I WAS HURTING. WHILE I WAS STILL LAYING ON THE SIDEWALK LT. MCKENZIE AND SGT. GILBERT CAME OUT OF THE SHIFT OFFICE AND ASKED WHAT WAS GOING ON AND I TOLD THEM BOTH THAT OFFICER WALKER HAS FLIPPED ME OUT OF MY WHEELCHAIR ONTO THE SIDEWALK. LT. MC- KENZIE TOLD OFFICER WALKER TO GO BACK TO THE HEALTH CARE UNIT (H.C.U.) AND THEN SHE INSTRUCTED A OFFICER AND INMATE TO PICK ME UP AND PUT ME BACK INTO MY WHEELCHAIR WHEN THEY WENT TO PICK ME UP I TOLD THEM I WAS HURTING BUT THEY DID AS THE LT. HAD INSTRUCTED AND PICKED ME UP ANYWAYS AND

PAGE THREE OF FOUR:

PUT ME BACK INTO MY WHEELCHAIR. LT. MCKENZIE THEN TOLD ME TO

GO BACK TO MY DORM AND NOT TO GO TO THE (H.C.U.), EVERYONE LEFT

ME SITTING THERE OUTSIDE OF THE SHIFT OFFICE BY MYSELF WITHOUT

EVEN ASKING ME IF I NEEDED MEDICAL ATTENTION. INMATE CHANCE

MAXWELL SEEN WHAT ALL OCCURRED AND HE HOLLERED FROM ACROSS

THE YARD AND ASKED ME IF I NEEDED HIM TO COME AND PUSH ME.

I SAID YES. INMATE CHANCE MAXWELL THEN CAME AND GOT ME

AND PUSHED ME BACK TO THE DORM. APPROXIMATELY FORTY FIVE (45)

MINUTES LATER OFFICER HURST TOLD ME TO GO TO THE (H.C.U.).

INMATE CHANCE MAXWELL PUSHED ME TO THE (H.C.U.) AND

NURSE STAMPS DID A BODY CHART AND THEN GAVE ME MY MED-

ICATIONS. AFTER THEY WERE THROUGH I WENT TO THE SHIFT OFFICE

AND ASKED SGT. GILBERT WHAT WAS GOING TO BE DONE ABOUT

WHAT OFFICER WALKER DID TO ME AND HE SAID PROBABLY NOTHING.

AS A RESULT OF THIS EXCESSIVE FORCE USED AGAINST ME BY OFFICER

WALKER, I RECEIVED CUTS AND BRUISES TO VARIOUS PARTS OF MY BODY

AND MY SHOULDER WAS INJURED SEVERELY.

PURSUANT TO 28 U.S.C. SECTION 1746, I INMATE ZANE PHILLIPS

DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT.

EXECUTED ON THIS THE 21ST

DAY OF DECEMBER, 2016.

Zane Phillips

ZANE PHILLIPS AIS # 137865

PLAINTIFF, PRO-SE

LIMESTONE CORR. FACILITY

28779 NICK DAVIS RD.

PAGE FOUR OF FOUR: HARVEST, ALABAMA 35749

FORMAL NOTICE OF COMPLAINT

The following is to serve as Formal Notice of Complaint as the actions of the following employees of the Alabama Department of Corections: Lt. McKenzie, Sgt.          Gilbert, Correctional Officer Walker. Whereas on the date of September 8th, 2016 approximately 3:30 - 4:30 p.m., they did, individually and collectively undertook actions and/or supported such actions against the person of Inmate Zane Phillips AIS #137865. Such acts resulted in physical injury to the person of Inmate Zane Phillips, denial of access to medical care. Such further resulting in ongoing physical pain and limitations on the person of Zane Phillips. Whereas on the date of September 8th, 2016 the following did occur:

Zane Phillips is an inmate in the Alabama Department of Corrections who is currently housed at the Limestone Correctional Facility located in Harvest Alabama. Zane Phillips (hereinafter Zane) is a handicapped individual who is confined to a wheelchair, Zane suffers from numerous health issues. The primary health problem that has resulted in Zane being confined to a wheelchair is Rhuematoid Arthritis to such a severe degree. That he is not able to walk, his hands are so severely affected that he does not have but limited use of his hands. As a result Zane requires the assistance of other inmates to push him to his medical appointments, the dining facility and any other areas of the facility he may need to go.

Zane went to Diabetic Pill call at approximately 3:30 p.m. for his insulin injection prior to going to the dining facility, Zane was being pushed by Inmate Chance Maxwell AIS #239987. Diabetic Pill Call is normally conducted in the Lobby of the Health Care Unit(HCU), as some inmates like Zane require not only Insulin but take other medications at the same time. However on this date Diabetic Pill Call was being conducted in the Emergency Room by Nurse Shoulders. When Zane received his insulin shot, he was advised that he would have to get his other medications after all the other diabetics had received their finger sticks/ insulin. Nurse Shoulders advised Zane that he could either wait until all diabetics were through to get his medications. Or if he chose to, he could go and eat and then return.

1

Initially Zane waited but when he saw how long the line of inmates waiting, he decided to go eat dinner and then return, part of the reason was that Zane is aware that a diabetic is not to wait too long after receiving Insulin before he eats.

Upon return to the HCU, the front door was locked, which neccesitates that the officer in the cube must buzz the door open to gain access. When Zane attempted to enter the HCU, Officer Walker would not open the door, refusing to even ask Zane why he was there. After several minutes two nurses, Ms. Jones and Ms. McElroy went to leave the HCU and the officer buzzed the door open. At that point Zane had Inmate Maxwell push him into the lobby, returning to get his other medications as instructed to do by Nurse Shoulders.

At this point Officer Walker began hollering at Zane to get out. Zane attempted to explain to Officer Walker that he was back to get his other medications as instructed by Nurse Shoulders but Officer Walker told Zane that he left earlier and that he could not get his medications. At no point did Zane become verbally abusive in any manner towards Officer Walker. He did continue to try and explain to Officer Walker that he had to have his medications. Officer Walker became verbally abusive towards Zane, cursing and yelling at him.

Subsequently Officer Walker came out of the cube and began assaultin Zane in the lobby grabbing the wheelchair trying to drag and flip Zane out of the chair and out of the lobby. Eventually shoving Zane out of the front door extremely hard whereas Zane did all he could to keep himself from being thrown into the bushes. Officer Walker came outside cursing and yelling at Zane telling him to get out there, to go to his Dorm or to the Shift Office. Zane stated that he would go to the shift office becuase he had to have his medications. Inmate Maxwell began pushing Zane to the shift office down the sidewalk, Officer Walker briefly stepped back inside the HCU.

Very shortly Officer Walker came back out of the HCU and ran up behind the wheelchair having Inmate Maxwell step aside, whereas Officer Walker grabbed the wheelchair stating "Fuck the sidewalk we're going through the fucking grass." Pushing Zane very fast through the grass where Zane had to do all he could from being tossed out of the wheelchair.

2

When they approached the sidewalk Officer Walker was basically running with the wheelchair and the front wheels struck the edge of the sidewalk flipping Zane out of the Wheelchair and stricking his head, his neck, his right shoulder, right hand and leg. Zane immediately felt pain radiate from his neck down his shoulder and right arm. Officer Walker went to pick him up off the ground but Zane told him not to as he had hurt his neck.

Lt. McKenzie, Sgt. Gilbert another officer and an inmate came out of the shift office and Lt. McKenzie asked what was going on. Whereas Lt. McKenzie instructed Officer Walker and the Sgt. to pick Zane up and put him back in the wheelchair more than once and each time Zane advised her of his injury and not to move him, and to have medical respond. Lt. McKenzie refused and consequently Zane was picked up and placed in the wheelchair. Lt. McKenzie then instructed Officer Walker to return to the HCU and for Zane to return to his Dorm and to stay out of medical. Zane again advised her that he had to have his medications, and again Lt. McKenzie told him to return to his Dorm and stay out of the HCU. The officers the walked off and left Zane on the sidewalk unable to take himself back to his Dorm or anywhere. Zane has very limited use of his hands and cannot properl the wheelchair any distance.

Inmate Maxwell had remained on the other side of the yard throughout this incident and hollered at Zane did he need him to come and get him. Zane replied yes and Inmate Maxwell came and pushed Zane back to his Dorm. After about 45 minutes Zane was told by the Cube officer in B-Dorm to report to medical whereas when he arrived he was taken into the E.R., a body chart was conducted and Zane was given the rest of his medications.

Due to his compliants about the neck injury and the problems he was having as a result thereof, an X-Ray was ordered by Dr. Robbins and X-Rays were taken. The problems Zane has experienced since injuring his neck are as follows; (a) He experiences pain and weakness in his right hand as when he attempts to pick up the ½ pint of milk issued in the dining facility. Pain radiates down his neck and through the shoulder, he loses his grip on the milk and drops it. At times when he is attempting to put the spoon in his mouth or eat a biscuit served. As his right hand gets near his mouth, his arm "spasms" and jerks uncontrollably. He has hit himself on the side of his mouth/cheek when this occurs.

3

Zane has not had problems of this nature until after he was thrown from his wheelchair and struck the concrete sidewalk. After he had the X-Rays taken, Zane returned to the HCU to speak with Dr. Robbins about the results. Initially Dr. Robbins stated that he never ordered X-Rays, and did not have any. However Dr. Robbins stated that he did not see any injury that would be detected by an X-Ray. Zane requested that an MRI was to be done yet has heard nothing further. Zane still experiences these and other problems due to this incident.

## VIOLATIONS BY THE RESPONDENT PARTIES

In this particular incident, Officer Walker did, without provocation, assault Zane Phillips exposing him to risk of injury and injuring Zane. Zane Phillips is a handicapped person, and is so to such a degree that he poses no physical threat to anyone, Zane does not even have the ability to protect himself from an assault. He is, due to the severity of his health related issues, confined to a wheelchair.

At point throughout this entire incident did Zane curse, threaten and any manner, verbally or otherwise, any of the respondent parties. Zane takes medications which certain ones he cannot miss a single dose. Zane was attempting to obtain his medications as he requires and as presecribed by a physician. The Respondent parties did actively, individually and collectively. Deny and inhibit Zanes access to medical care which he must have. Taking such egregious steps as when Officer Walker undertook actions which resulted in further injury to a wheelchair bound individual who suffers from multiple debilitating health issues.

Lt. McKenzie, Officer Walker and the other parties involved, do not possess the medical training and skills to ascertain the extent of injuries suffered by Zane. However they as others are aware that when any person suffers and/or complains of an injury to the neck or head. That the injured party (Zane) is not to be moved until such time as medical can be summoned and a determination is made by trained medical personnel to do so. Their actions resulted in exposing Zane to an increased inury to the areas already affected. The current problems Zane suffers from, uncontrollable (spasms) in his right arm and pain. May very well be a consequence of the actions.

4

"Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken 'under color' of state law,...making it offense to deprive inhabitant of state of his constitutional rights 'under color of' any law." Williams v United States (1951) 341 US 97,95 L.Ed. 774,71 S.Ct. 576. See also United States v Jackson (1956 CA8 Ark.) 235 F.2d 925.

"Willful deprivation of person's rights is necessary to make officials action violation of 18 USCS §242; beating of defendant at police station with lack of provocation or need to use force makes any use of force excessive and therefore violation of §242 United States v Harrison (1982,CA8,Mo) 671 F.2d 1159 cert den (1982) 459 US 847,74 L.Ed.2d 94,103 S.Ct.104.

The actions of the respondents violated Zanes' constitutional right to the prohibition against cruel and unusual punishment and due process of law within purview of 18 USC §242. See United States v Georvassilis (1974,CA6,Mich) 498 F.2d 883; United States v Stokes (1975,CA5,Ga) 506 F.2d 771; United States v Hayes (1979,CA5,Tex) 589 F.2d 811, reh den (1979,CA5Tex) 591 F.2d 1343 and cert. den. (1979) 444 US 847,62 L.Ed.2d 60,100 S.Ct.93.

"While 18 USC §242 was enacted to enforce Fourteenth Amendment,it punishes acts by federal officers and acts by state officers,whether they act under color of state or federal law." Screws v United States (1945) 325 US 91,89 L.Ed. 1495,65 S.Ct. 1031,162 ALR 1330.

Zane was assualted by Officer Walker without provocation as submitted by the accompanying affidavits. Zane has the undeniable right to be free, from such actions. The actions of Officer Walker violated his oath of office as established pursuant to state law see Ala.Code 1975 §14-3-13. The actions of Lt. McKenzie regarding such action also violated this statute by failing to address this incident, and directing that Zane was to be moved, subjected Zane to increased injury beyond that he already sustained.

These actions did result in the violations of his constitutional rights, thus

5

violating clearly established federal law. There can be no viable reason or excuse for an officer, as in the particulars of this incident, to do as was done to the person of Zane who is a severelt handicapped person. As such Zane seeks that the parties served a copy of this Complaint undertake a determination as to this incident. That they are to assure the future protection of Zane from any retalitory actions by the respondent parties. That they are to assure that those responsible for violating the AR #208 are properly sanctioned. That they are to afford Zane a proper opportunity to speak with any such representative duly authorized to investigate this matter and that such is done in a fair and impartial manner.

That Zane is to notified of any such decision(s) made in this matter. That Zane is to be provided with a thorough medical evaluation as to the physical problems he has now encountered due to this unprovoked action against his person. And that he is to be afforded any and all other relief required.

Respectfully submitted

Zane Phillips

Zane Phillips AIS #137865
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Al. 35749

ADMINISTRATION REGULATION #208 COMPLAINT

I Zane Phillips AIS #137865 submit the following AR #208 complaint
regarding the conduct of Lt. McKenzie which occured at the Limestone
Correctional Facility on the date of September 08, 2016 at approximately 3:30
p.m. at Diabetic Pill Call.

I am a handicapped inmate who is confined to a wheelchair due to severe
Rhuemotaid Arthritis and other health related issues including the fact that I
am an insulin dependent diabetic. I have very limited use of my hands and as
such require the assistance of another inmate to push me to the dining
facility and areas of the facility such as medical.

On the afternoon of September 8th 2016, when Officer Walker refused to
allow me access to the Health Care Unt to take my medications. And as a result
he attacked me in my wheelchair and started pushing me to the shift office
very fast across the grass. Being angry becuase I had stated that I was going
to the shift office becuase of his refusal to allow me access to medical and
assaulting me in the wheelchair. Officer Walker hit the lip of the sidewalk
with the front wheels of the wheelchair flipping me out on the sidewalk.
Injuring my neck, shoulder and hand.

Lt. McKemzie came out of the shift office and asked what was going on. I
informed her of what had happened and that I was injured and needed medical.
Instead she instructed the officers persent to pick me up and place me back in
the wheelchair. I again informed Lt. McKenzie that I had hurt my neck and not
to move me as I knew that when you strike your head or injure your neck, you
should not be moved until a party trained in medical care says so. Doing so
exposes you to more serious injury. Regradless of my asking for medical and
informing Lt. McKenzie more than once that I hurt my neck. She instructed the
officers to pick me up anyway and out me back in the wheelchair, which the
officers did.

I told Lt. McKenzie about my having to have my medications, but she told
Officer Walker to return to the H.C.U, and for me to go back to my Dorm and
stay out of medical, more than once.

1



When Lt. McKenzie, after being informed I had injured my neck, that I needed to get my medication and to please call medical before moving me, refused to do so. She did not order a body chart, she did not tell me to go get my medications. Instead walking away and leaving me just sitting on the sidewalk, being an obviously handicapped person. She did, by virtue of her being in a supervisory position. Intentionally and willfully violate the following provisions of AR #208.

Administration Regulation #208 V. PROCEDURES (7) "Observe all laws, rules and regulations." Did by her failure to address the cursing of me by Officer Walker allowing him to violate AR #208 V. PROCEDURES C (4) Use profane, abusive or threatening language...when supervising inmates." (17) "Apply physical force to an inmate except and only to the degree that is reasonably necessary is self defense..." (9) "Prevent any abuse of authority attached to the use of a badge that does not relate to a correctional officer performing and executing his/her duties in acordance with Title 14 Code of Alabama 1975 as amended" In pertinent part of §14-3-13 Oath of Office it states, "...that I will faithfully execute and discharge all the duties required of me...and observe all the rules and regulations prescribed for the government of convicts...and will, in no case, ill treat or abuse any convict under my charge and control..."

Lt. McKenzie's conduct in this matter by her failure to address the situation which had just transpired, did not execute and discharge her duties faithfully, allowed Officer Walker to ill treat and abuse my person, did not prevent or undertake any corrective action as to Officer Walker's conduct and his refusal and direct interference with my access to medical and the misusue of his badge.

Lt. McKenzie, to the best of my knowledge and belief does not have specialized training in the assesment of neck injury(s) or triage as to whether or not it is safe to move a person who complains of such injury. When Lt. McKenzie, rather than instructing me to go to medical to get my required medications. Instead told me to go back to mu-dorm and stay out of medical.

2



*EXHIBIT F.*

The conduct of Lt. McKenzie in this incident created the impression of her approval and condoning of such abusive behavior towards inmates to the subordinate officers present.

Lt. McKenzie did intentionally and willfully neglect and/or refuse to undertake any action to remedy the incident and/or to assure that I received prompt medical care and access to medical to take my required medications. I do have a reasonable concern that if such an incident were to occur again, or a similar incident, that Lt. McKenzie would undertake no action to prevent or to assure that I was provided prompt and required medical attention. I am a severely handicapped person and I am physically unable to take any actions to protect myself from any assault from any individual, I am physically incapable to even attempt to flee an anticipated assault.

Therefore I respectfully request that any and all actions authorized are to be undertaken to insure that such an incident is not to occur again, including but not limited to any disciplinary actions authorized. That I am to be advised of any and all such actions that are taken as a result of this incident. That appropriate steps are to be taken to prevent any retaliatory actions by Lt. McKenzie or any other officer due to my filing this AR #208.

I Zane Phillips AIS #137865 hereby affirm and aver that the information in the foregoing is true and correct to the best of my knowledge and belief and that I do so under penalty of perjury on this the _14th_ day of September 2016.

*Zane Phillips*

ZANE PHILLIPS AIS #137865
B-Dorm
28779 Nick Davis Road
Harvest Al. 35749

3



# Alabama Department of Corrections
# Sick Call Request



**Reason for Sick Call Request:**

MY LEFT SHOULDER RIGHT STILL HURTS THIS IS THE 4TH OR 5TH TIME I'VE BEEN TO SICK ABOUT IT.

Name (print): ZANE PHILLIPS    AIS # 137865    Date of Birth 7-30-63

Institution: LCF    Housing Area: B-78-4A    Date: 1-4-17

Sick Call Form Collected by Health Staff: _____ (initials) Title: _____ Date: _____ Time: 7:00

---

**Request Triaged** (check as appropriate):

A. ____ Sick Call Nurse Encounter **Not** Required

(1) ____ Referring to Chronic Care Manager

(2) ____ Written Response/Instruction Being Provided

B. ____ Nurse Sick Call Encounter Required

(1) ____ Bring to HCU at this time for further evaluation

(2) ____ Evaluate in next scheduled Nurse Sick Call Clinic

Signature/Title: _F. McQueen_ LICA    Date: 1/5/17    0938

---

**Sick Call Encounter** (Nurse Evaluation Tool Completed):

1 ____ Resolved by Nurse Encounter     2 ____ Referral for follow up required; to be scheduled

**Co-Pay Fee Incurred:**

____ $4.00 - Nurse                          (a) ____ Medical Provider

____ $4.00 - OTC(s); **If Restrictive Housing**-no OTC charge     (b) ____ Dental Clinic

(c) ____ Mental Health Services

____ $4.00 – Scheduled but Refused Encounter     (d) ____ Other: _____

---

Inmate Name _____    AIS# _____

ADOC-OHS form E-7 (a) 022013    Distribution: Original (page 1)-Inmate Health Record    © 2014 Corizon Health, Inc.
CP7166AL                        Copy (page 3)-retained by inmate
Issued 10/2013, Revised 11/2014    Copy (page 2)-inmate post health review

ORIGINAL COPY.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

### INSTRUCTIONS FOR PRISONERS FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

This packet contains two copies of a complaint form and one copy of an Application to Proceed *In Forma Pauperis*. To start an action you must file an original signed and dated complaint. You should retain one copy of the complaint for your own records.

Your complaint must be legibly handwritten or typewritten and the facts of the complaint must be set out clearly and concisely in chronological order. You must sign and date the complaint and provide complete contact information (i.e. address and prisoner number). If you need additional space to answer a question, you may use an additional back page. Do NOT write on the reverse side of the complaint form.

You will note that you are required to provide facts in your complaint. THE COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

No more than one plaintiff may be named in a complaint. Each plaintiff must file a separate complaint and application to proceed *in forma pauperis* or filing fee.

Your complaint may be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless the claims are all related to the same incident or issue.

In order for your complaint to be filed, it must be accompanied by the filing fee of $350.00. If you are unable to pay the filing fee for this action, you may petition the court to proceed as an indigent party. An Application to Proceed *In Forma Pauperis* is included in this packet.

Mail the original complaint and the filing fee of $350.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U. S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.